EDITH BROWN CLEMENT, Circuit Judge,
concurring in the judgment:
While I concur in the judgment, I write separately because the substantial evidence properly admitted against Laureano makes the harmless error analysis of the improperly admitted hearsay evidence a close issue. Trooper Murray saw four men as he approached the building — two outside who did not run and two inside who began to run. Considering the limited ability of the officer to see through the bay doors into the warehouse while running towards it, it is reasonable to conclude that the fifth man arrested was out of Murray’s view but associated with the enterprise of the other four. Laureano’s activities after the officers entered the warehouse demonstrated his guilt as well. Murray proceeded to announce himself as a police officer as he entered the ware *17 house and arrested a suspect at the top of the stairs to the loft — just a short distance away from where Laureano was later found hiding. After announcing, “State Police, canine. Come out now, or we’re going to send in a dog,” Trooper Bazzinotti conducted a dog search of the warehouse. He found Laureano in the loft, lying behind a rolled-up rug, but Laureano twice refused to raise his hands when ordered. It was only after Trooper Murray returned to the loft that Laureano raised his hands, acknowledging that he had been found. Furthermore, the diagram of the warehouse shown to the jury indicates that the stairway to the loft was one of only two escape routes from the immediate vicinity of the acetylene containers containing marijuana as officers converged on the exteri- or doors. All of the five suspects arrested, including Laureano, had large amounts of cash on them.
Such determined evasion of the police, possession of large amounts of cash, and proximity to the location of marijuana-laden tanks in the process of being moved, would be overwhelming evidence of guilt— except that the Assistant United States Attorney conceded otherwise at oral argument. Because of the government’s confusion over the facts of its own case, I must concur in the majority’s judgment.